# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**TONIMARIE VERITY,**

      **Plaintiff,**

**v.**                                    **Case No: 5:16-cv-302-Oc-PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

      **Defendant.**

_____

## ORDER

This matter is before the Court on the Commissioner's motion to dismiss Plaintiff's

Complaint on the grounds that it was not timely filed.  (Doc. 13).  Plaintiff has filed a response

(Doc. 16), and the Commissioner has filed a sur-reply (Doc. 22).   As explained below, because

Plaintiff's Complaint was not timely filed and there is no basis for equitable tolling of the deadline,

she is foreclosed from bringing this action, and the Commissioner's motion should be granted.

    **I.**     **BACKGROUND**

For the sake of convenience, the administrative history, which is not in dispute, is copied from

the Government's brief:

> After an unfavorable decision, Plaintiff filed an appeal in the United States District
> Court for the Middle District of Florida, and, on September 5, 2014, this court
> remanded the case to the Commissioner for additional proceedings. Declaration of
> John Derrick, Court Case Preparation and Review Branch 3, Office of Disability
> Adjudication and Review (Declaration), Exhibit 1. On July 24, 2015, an
> Administrative Law Judge (ALJ) issued a new decision denying Plaintiff's claim
> for SSI.   Declaration at 3; Exhibit 2. The ALJ sent, by mail addressed to Plaintiff,

with an additional copy to Plaintiff's representative, notice of its denial of Plaintiff's application.[1]

On September 21, 2015, Plaintiff filed exceptions to the ALJ's hearing decision with the Appeals Council.   As set forth in the Government's brief, the remainder of the administrative history is as follows:

> On January 6, 2016, the Appeals Council sent Plaintiff a notice stating that her exceptions did not appear to be timely filed and requesting that Plaintiff submit proof within thirty (30) days that they were timely filed. Declaration at 3; Exhibit 4. On January 15, 2016, Plaintiff filed a response with the Appeals Council in which she conceded that her written exceptions were not timely filed but asked that the Appeals Council find good cause existed for the untimely filing. Declaration at 3; Exhibit 5. On April 1, 2016, the Appeals Council notified Plaintiff that she had not provided proof that her exceptions were timely filed. Declaration at 3; Exhibit 6. Therefore, the Appeals Council informed Plaintiff that the ALJ's July 24, 2015, decision was the final decision of the Commissioner. Declaration at 3; Exhibit 6.

---

[1] See Exhibits to Doc. 13, Declaration at 3; Exhibit 2 at 1-2.   In the notice of denial of Plaintiff's application, the ALJ notified the claimant that:

1.   She had thirty (30) days from receipt of the decision to file written exceptions to the Appeals Council;
2.   She was presumed to receive the decision within five (5) days of the date of the notice;
3.   If she needed additional time to file written exceptions, she must request the extension within the same thirty (30) day period and explain why she needed additional time;
4.   The Appeals Council could review her case even if she did not file written exceptions and would notify her within sixty (60) days if it did so;
5.   If she did not file written exceptions and the Appeals Council did not review the decision on its own, the decision would become final on the 61st day following the date of the notice;
6.   She would then have sixty (60) days to file a civil action in district court;
7.   She could request additional time from the Appeals Council to file a civil action, and the Appeals Council would grant the additional time upon a showing of a good reason for needing more time; and
8.   If she did not file her civil action during that time or ask the Appeals Council for additional time to file her civil action, she would lose the right to file a civil action.

> On April 29, 2016, a civil action was filed in the United States District Court for the Middle District of Florida. Declaration at 3-4; Exhibit 7; Doc. 1.

Doc. 13, p. 2-3.

The Commissioner has moved to dismiss the Complaint on the basis that it was filed more than 60 days after the ALJ's final decision.   In response, Plaintiff contends that the Commissioner is equitably estopped from asserting a statute of limitations defense because the Appeals Council failed to timely notify Plaintiff that her exceptions were not timely filed.

## II.      LEGAL STANDARDS

We begin with the concept of sovereign immunity.   Indeed, "the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"   *Hercules, Inc. v. United State*s, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976) and *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).   Title II of the Social Security Act provides the exclusive jurisdictional basis for judicial review of final decisions arising under the Act, as limited by sections 205(g) and (h), 42 U.S.C. § 405(g) and (h).   In this context, the remedy to sue is a creature of statute and is exclusive.   *United States v. Babcock*, 250 U.S. 328, 331 (1919).   The review process provided by section 205(g) is an exclusive remedy.   *See Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007).

Under 42 U.S.C. § 405(g), claimants may seek review of a final decision of the Commissioner of Social Security by filing a complaint with the district court within sixty days from the date of receipt.   The date of receipt is presumed to be five days after mailing unless there is a reasonable showing to the contrary.   Here, where the ALJ issued a new

administrative decision after remand, the ALJ's decision would be the final decision of the commissioner unless (1) Plaintiff filed written exceptions to the Appeals council within 30 days from the receipt of the ALJ's decision; or (2) the Appeals council assumed jurisdiction on its own authority within 60 days of the date of the ALJ's decision.  *See* 20 C.F.R. § 404.984.

### III.    DISCUSSION

In this case, Plaintiff does not dispute that she failed to file written exceptions to the Appeals Council within 30 days of the receipt of the ALJ's decision.  Indeed, Plaintiff concedes that she submitted exceptions on September 21, 2015, 59 days after the ALJ's decision.  (Doc. 16).  Plaintiff argues that the Appeals Council sent Plaintiff a notice that her exceptions were not timely filed on January 6, 2016, or 166 days after the ALJ's decision.

Consequently, Plaintiff contends that the "Commissioner's inaction misled Plaintiff and allowed the statutory period to lapse for her to file her appeal in this Court."   (Doc. 16, p. 4).   Plaintiff claims that she believed her exceptions were timely filed, because the Commissioner "sat on the filing" for 107 days before notifying Plaintiff to the contrary. (Doc. 16, p. 4).   Plaintiff argues that this situation constitutes extraordinary circumstances warranting this Court's equitable tolling of the statute of limitations, and acceptance of Plaintiff's Complaint as timely filed.

The Eleventh Circuit has held that "traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007).   Extraordinary circumstances may may include "fraud, misinformation, or deliberate concealment."   *Id.* at 1355.  Here, however, despite Plaintiff's contention that she was "misled," the facts demonstrate that the

- 4 -

Commissioner did not provide any misleading information, but rather simply failed to promptly inform Plaintiff that her exceptions were untimely filed.   Further, as Defendant points out, the ALJ's decision clearly informed Plaintiff that she had 30 days from receipt to file written exceptions or to request additional time to file exceptions.   (Doc. 13-2, p. 1-3).   Plaintiff was also clearly informed that, if she did not file written exceptions and the Appeals Council did not review the decision on its own, the decision would become final on the 61st day following the date of the notice and she would then have 60 days to file a civil action in district court.   (Doc. 13-2, p. 1-2).   Plaintiff failed to file either timely written exceptions or a timely civil action.

Simply put, Plaintiff failed to comply with the procedural requirements of her appeal.   Plaintiff has also filed to cite any authority demonstrating that inaction on the part of the Commissioner is sufficient to demonstrate misinformation or extraordinary circumstances warranting equitable tolling.   The Court notes that neither ignorance of the law nor attorney negligence satisfies the "extraordinary circumstances" test.   *See Jackson, 506 F.3d at 1353, Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008).

### IV.    CONCLUSION

Accordingly, because Plaintiff's Complaint was not timely filed, and there is no basis for equitable tolling of the deadline, the Commissioner's motion to dismiss (Doc. 13) is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.   The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Ocala, Florida on December 19, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties